WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jessie Marie Betancourt,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Carolyn Colvin, Acting Commissioner of Social Security Administration,<br><br>　　　　　　Defendant. | No. CV 15-37-TUC-BPV<br><br>**ORDER** |

This action commenced when Plaintiff Jessie Marie Betancourt sought judicial review of Defendant's decision denying her applications for disability insurance benefits and supplemental security income. Upon consideration of the parties' briefs on the issue, this Court entered an Order reversing the Commissioner's decision and remanding the matter for further proceedings. (Doc. 30; *see also* Judgment (Doc. 31)). Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), Plaintiff now seeks attorney's fees in the amount of $8,828.98 for time that Plaintiff's attorney, Mark Caldwell, spent working on her case before this Court, including time spent briefing the instant fee petition. (Plaintiff's Motion for Award of Attorney's Fees (Docs. 32); *see also* Plaintiff's Brief in Support of Motion for Award of Attorney's Fees under the EAJA

("Plaintiff's Brief") (Doc. 32-2); Itemization of Services (Doc. 32-1); fee agreements with Plaintiff (Doc. 32-3); Affidavit of Plaintiff's Counsel (Doc. 32-4); Plaintiff's Reply and supplement (Docs. 34, 35)). Defendant has filed a Response in opposition to Plaintiff's Motion (Doc. 33) and Plaintiff has filed a Reply and supplemental affidavit of counsel. (Docs. 34, 35). For the following reasons, the Court grants Plaintiff's Motion for Award of Attorney's Fees.

**I.    DISCUSSION**

The EAJA authorizes federal courts to award reasonable attorney's fees, court costs, and other expenses when a party prevails against the United States, unless the court finds that the government's position was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A); *see also Ibrahim v. United States Dep't. of Homeland Security,* 835 F.3d 1048, 1054 (9th Cir. 2016); *Tobler v. Colvin,* 749 F.3d 830, 832 (9th Cir. 2014); *Meier v. Colvin,* 727 F.3d 867, 870 (9th Cir. 2013). Defendant does not contest that Plaintiff is a prevailing party. *See e.g. Akopyan v. Barnhart*, 296 F.3d 852, 854-55 (9th Cir. 2002); *Gutierrez v. Barnhart*, 274 F.3d 1255, 1257 (9th Cir. 2001). Defendant concedes that the government's position was not substantially justified. (Response at 2). However, Defendant objects to the reasonableness of the amount of fees requested. (*Id.* at 4-6).

Attorney fees and expenses awarded under the EAJA must be reasonable. *See* 28 U.S.C. § 2412(d)(2)(A). The district court has discretion to determine a reasonable fee award. *See* 28 U.S.C. § 2412(b); *Costa v. Commissioner of Soc. Sec*., 690 F.3d 1132, 1135 (9th Cir. 2012). Generally, courts should "defer to the 'winning lawyer's professional judgment as to how much time he was required to spend on the case.'" *Costa,* 690 F.3d at 1136 (quoting *Moreno v. City of Sacramento,* 534 F.3d 1112, 1112-13 (2008)). The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked. *Gates v. Deukmejian,* 987 F.2d 1392, 1397 (9th Cir. 1992) (citation omitted). The party opposing the fee application has a burden of rebuttal that requires submission of evidence

to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits. *Id.* at 1397-98 (citations omitted). In determining whether fees are reasonable under the EAJA, the Ninth Circuit applies the principles set forth in *Hensley v. Eckerhart,* 461 U.S. 424, 437 (1983), and other cases interpreting 42 U.S.C. § 1988. *Ibrahim,* 835 F.3d at 1060 n.13; *Costa,* 690 F.3d at 1135 (citations omitted). The court may not reduce requested fees in social security disability appeals without providing relatively specific reasons. *Costa* 690 F.3d at 1136-37.

In her EAJA petition, Plaintiff originally requested $8,543.56 for 44.9 hours of work billed at a rate of $190.28.[1] (Plaintiff's Brief at 12-13; Itemization of Services). However, in her Reply, Plaintiff requested additional fees in the amount of $285.42 for 1.5 hours, at a rate of $190.28 per hour, that counsel spent preparing the Reply to Defendant's opposition to Plaintiff's fee petition[2], thus resulting in a fee request for a total of $8,828.98. (Reply at 2). *See INS v. Jean,* 496 U.S. 154 (1990) (once a litigant has satisfied the eligibility requirements for fees under the EAJA, the district court may award fees and costs expended in litigating the prevailing party's entitlement to fees).

Defendant objects to the fee sought, arguing that it is unreasonable. According to Defendant, Plaintiff's counsel should be compensated for only 35 hours of work, resulting in a fee award of $6,659.80, because Plaintiff's case was "routine" in that it did not involve an unusually long transcript or complex or novel issues. (Response, at 3-5). Defendant also argues that Plaintiff's fee should be reduced because she achieved only "limited" success. (*Id.* at 5).

Under the EAJA, "a district court's award of attorney's fees must be

---

[1] The hourly rated quoted by Plaintiff is consistent with the applicable statutory maximum hourly rates under the EAJA, adjusted for cost of living increases, posted by the Ninth Circuit. http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039, *last visited on* November 16, 2016. Defendant does not object to the hourly rate cited by Plaintiff.

[2] Defendant did not request leave to file a sur-reply with regard to the additional fees requested in Plaintiff's Reply. The discussion and authority cited in the Reply directly addressed the arguments raised in Defendant's opposition to the fee request.

'reasonable.'" *Sorenson v. Mink,* 239 F.3d 1140, 1145 (9th Cir. 2001) (quoting *Hensley,* 461 U.S. at 433)). "'[T]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" *Ibrahim,* 835 F.3d at 1060 (quoting *Schwarz v. Sec. of Health & Human Servs.*, 73 F.3d 895, 901 (9th Cir. 1995)).

To support the position that counsel's hours should be reduced to 35 hours, Defendant relies on case law from various district courts indicating that twenty to forty hours is the benchmark for social security disability cases and cites Justice Sotomayor's concurrence in *Astrue v. Ratliffe,* 586 U.S. 599, 599 (2010) that "EAJA fee awards, which average only $3,000 to $4,000 per case, have proved to be a remarkably efficient way of improving access to the courts for the statute's intended beneficiaries, including thousands of recipients of Social Security and veteran's benefits each year." (Response at 4-5). Nothing in Justice Sotomayor's concurrence suggests that a request for more than $3,000 to $4,000 in a particular case would be unreasonable. Moreover, the Ninth Circuit has been clear that while district courts may consider that twenty to forty hours is the range most often requested and granted in social security cases, "courts cannot drastically reduce awards simply because the attorney has requested compensation for more than forty hours or make reductions with a target number in mind." *Costa,* 690 F.3d at 1136 (holding that it is "an abuse of discretion to apply a de facto policy limiting social security claimants to twenty to forty hours of attorney time in 'routine' cases."). Instead, the court must explain why the amount of time requested on a particular task is too high. *Id.* "Any other approach fails to give deference to the winning lawyer's professional judgment as required," by the Ninth Circuit. *Id.* The *Costa* court also noted that "term 'routine' is a bit of a misnomer as social security disability cases are often highly fact-intensive and require careful review of the administrative record, including complex medical evidence." *Id.* at 1134 n.1.

Other than characterizing the case as "routine", Defendant has not cited any specific instance of time expended that it contends was unreasonable. Although the

record in Plaintiff's case was not exceedingly lengthy, it did consist of over 800 pages. The briefs filed by Plaintiff, through counsel, provided a detailed and comprehensive explanation of the procedural history and Plaintiff's medical history and alleged impairments.  Plaintiff, through counsel, argued that the ALJ erred by: (1) improperly rejecting the opinion of Plaintiff's treating doctor; (2) improperly rejecting Plaintiff's symptom testimony, which required fact-intensive analysis of several reasons proffered by the ALJ as to why he found Plaintiff not to be fully credible; and (3) articulating a residual functional capacity assessment that was not supported by substantial evidence in the record.[3] Plaintiff, through counsel, raised issues that required consideration of the interplay of Plaintiff's alleged impairments, including polyarthralgia, fibromyalgia, rheumatoid arthritis, and knee and back problems. Plaintiff's briefs, which are replete with relevant record cites, succinctly identified applicable standards and cited case law and other authority pertinent to Plaintiff's arguments. On the instant record, the Court declines to find the hours expended by Plaintiff's counsel unreasonable solely upon Defendant's characterization of the case as "routine" or that counsel spent 6.4 hours more than the high point of what is considered "average" for "routine" cases. *See Costa,* 690 F.3d at 1134 n.1, 1136-37.

According to Defendant, Plaintiff did not achieve substantial relief because her primary requested relief was for a remand awarding benefits, and not a remand for further proceedings as ordered by the Court. The Ninth Circuit has recognized that "where a plaintiff has only achieved limited success, not all hours expended on the litigation are eligible for inclusion in the lodestar, and even those that are eligible may be subject to a discretionary reduction." *Ibrahim,* 835 F.3d at 1060 (citing *Hensley,* 461 U.S. at 436).  In cases where a plaintiff's success is limited, the Ninth Circuit has required district courts to follow a two-step inquiry. *Id.* (citation omitted). First the court must determine whether the claims upon which the plaintiff prevailed are related to the unsuccessful facts or are

---

[3] Plaintiff requested and was granted leave to exceed the page limit for her Opening Brief, which consisted of 33 pages absent the signature page. (Docs. 22, 24, 23).

- 5 -

based on related legal theories. *Id.* "Time spent on unsuccessful claims the court deems related are to be included in the lodestar, while '[h]ours expended on unrelated, unsuccessful claims should not be included' to the extent those hours can be 'isolated.'" *Id.* (quoting *Webb v. Sloan,* 330 F.3d 1158, 1168 (9th Cir. 2003)). Consequently "in addition to time reasonably spent on successful claims, potentially recoverable under *Hensley* are those hours expended on related but unsuccessful claims as well as those hours pertaining to unrelated, unsuccessful claims that cannot be severed cleanly from the whole."[4] *Id.* Second, the "court must consider whether the plaintiff achieved a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award." *Id.* at 1060-61 (internal quotation marks and citations omitted). At this point, the district court's focus should be on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation. *Id.* at 1061 (citations omitted). "If the court concludes the prevailing party achieved 'excellent results,' it may permit a full fee award—that is, the entirety of those hours reasonably expended on both the prevailing and unsuccessful but related claims." *Id.* (citations omitted). However, where the plaintiff has not achieved results warranting a fully recoverable fee, the district court may apply a downward adjustment to the lodestar by 'award[ing] only that amount of fees that is reasonable in relation to the results obtained.'" *Id.* (quoting *Hensley*, 461 U.S. at 440).

Plaintiff prevailed on all three arguments ("merits arguments") she raised in challenging the ALJ's decision. In the two-page conclusion of her Opening Brief, and in about one page of her Reply Brief[5], Plaintiff requested that the Court remand the matter

---

[4]"If the district court finds that a plaintiff was wholly successful, it must still evaluate whether the degree of success obtained justifies an award based on the number of hours reasonably expended, whereas a 'limited success' finding necessitates the intermediary step of determining which claims were related or unrelated before weighing the degree of success obtained against the total number of hours reasonably expended." *Ibrahim,* 835 F.3d at 1061 n.14.

[5] The majority of the discussion pertinent to remand in Plaintiff's Reply Brief concerned the RFC determination which would become moot if the case were remanded for an immediate award of benefits, but would be at issue if the Court granted Plaintiff's alternative request for remand for further proceedings, which the Court ultimately

for an award of benefits or, alternatively, remand the matter for further proceedings. (Doc. 23 at 32-33; Doc. 28 at 2-3, 8). Determination of the appropriate remedy (*i.e.,* whether the case was remanded for either an immediate award of benefits or, instead, for further proceedings) necessarily required consideration of the evidence and outcome pertinent to the three merits arguments. (*See* Doc. 30 at 24-26 (discussing standard for both types of remand). Consequently, the claims upon which Plaintiff prevailed are related to her request for a remand for benefits as well as her alternative request for remand for further proceedings.  Plaintiff prevailed on all merits arguments and was unsuccessful only in achieving one alternative remedy.  Plaintiff did not spend an inordinate amount of time or effort arguing for remand for an immediate award of benefits.  On the instant record, Plaintiff achieved a level of success that makes the hours reasonably expended.  *Cf. Penrod v. Apfel,* 54 F. Supp. 2d 961, 963 (D. Ariz. 1999) ("It is of little, if any consequence [to the issue of an EAJA fee award] that Plaintiff preferred summary judgment over remand.").

Upon review of Plaintiff's Motion for Award of Attorney's Fees and supporting documentation and Defendant's objection thereto, the Court finds that the time expended is reasonable under the circumstances and not excessive.  Therefore, the Court awards Plaintiff attorney's fees in the amount of $8,828.98.

In light of *Ratliff,* 560 U.S. 586, the fees awarded pursuant to this Order shall be made payable to Plaintiff and are subject to the Treasury Offset Program, 31 U.S.C. §3716.

## II. CONCLUSION

For the foregoing reasons,

IT IS ORDERED that Plaintiff's Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act (Doc. 32) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff is awarded $8,828.98 in attorney's fees under the Equal Access to Justice Act.  Payment shall be made payable to Plaintiff and

---

ordered.  (Doc. 28 at 2).

delivered to Plaintiff's attorney of record at his office:  Mark Caldwell, 320 E. Virginia Ave, Suite 100, Phoenix, AZ 85004.

The fees awarded are subject to the Treasury Offset Program, 31 U.S.C. §3716.

Dated this 16th day of November, 2016.

_____
Bernardo P. Velasco
United States Magistrate Judge